# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUTH HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-16-880-R |
| | ) |
| COUNCIL ON FIREFIGHTER | ) |
| TRAINING, ex rel. STATE | ) |
| OF OKLAHOMA, OK STATE | ) |
| FIRE MARSHALL, MIKE BOWER, | ) |
| and RICHARD KELLY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the Motion to Remand filed by Plaintiff (Doc. No. 9). Defendants responded in opposition to the motion. Having considered the parties' submissions, the Court finds as follows.

Plaintiff filed a First Amended Petition in the District Court of Oklahoma County on July 12, 2016. Therein she alleged the Council on Firefighter Training ("COFT") is a "State Agency of the State of Oklahoma and/or a part of the Oklahoma State Fire Marshall's Office." Amended Petition ¶ 2. She alleged that she was employed by COFT from August 15, 2011 until her termination on August 29, 2015. Amended Petition, ¶ 6. She sought relief based on allegations of discrimination on the basis of age, race, sex and complained that her discharge was retaliatory, citing to the Civil Rights Act of 1964, Title VII, and the Age Discrimination in Employment Act, all federal laws. She also alleges sexual harassment by the Executive Director of COFT. She included a claim for relief

under 42 U.S.C. § 1983, against Defendants Kelly and Bower, for the alleged violation of her due process rights with regard to her termination as well has violation of her First Amendment rights. She pled a claim under 42 U.S.C. § 1981 as well. In addition to these claims arising under federal law Plaintiff included state law claims for negligent hiring, training, and supervision, negligence, violation of Oklahoma public policy, and the Oklahoma Whistleblower Act. Despite the presence of numerous claims arising under federal law and her allegation that the COFT is a state agency, Plaintiff seeks remand of this action. She contends in the instant motion that the Court should remand this matter to the District Court of Oklahoma County for a determination of whether COFT is a state agency. She contends that if a court determines COFT is not a state agency then this Court lacks jurisdiction over her claims.

The Court hereby DENIES Plaintiff's Motion to Remand. Plaintiff drafted and filed a First Amended Petition in the District Court of Oklahoma County asserting numerous federal claims. Defendants are entitled to rely on the federal nature of Plaintiff's claims in seeking removal of this action, and were well within their rights in doing so. They easily met their burden of establishing this Court's jurisdiction. Plaintiff's allegation that COFT is a state agency and her inclusion of a claim under 42 U.S.C. § 1983 are sufficient by themselves to confer jurisdiction in this Court. However, Plaintiff included numerous federal claims that do not rely on COFT's status as a state agency, such as her Title VII, ADEA, and 42 U.S.C. § 1981 claims. Having alleged claims arising under federal law in the operative state pleading Plaintiff's motion to remand is without merit and therefore DENIED for the reasons set forth in Defendants' response thereto.

**IT IS SO ORDERED** this 8th day of February, 2017.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE