IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| RUTH HUNTER, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) |  |
| v. | ) ) | CIV-16-880-R |
| COUNCIL ON FIREFIGHTER TRAINING, ex rel. STATE OF OKLAHOMA, OK STATE FIRE MARSHALL, MIKE BOWER, and RICHARD KELLY, | ) ) ) ) ) ) |  |
| Defendants. | ) |  |

# ORDER

This matter comes before the Court on the Motion to Dismiss filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 6) Plaintiff responded in opposition to the motion and Defendants filed a Reply in support thereof.[1] Having considered the parties' submissions, the Court finds as follows.

Defendants removed this action from the District Court of Oklahoma County. In assessing Plaintiff's First Amended Petition, the Court utilizes the federal pleading standard.[2] The standards governing a Rule 12(b)(6) motion are as follows. The Court

---

[1] Plaintiff's citation to and reliance on allegations in the Motion to Remand is inappropriate in response to the instant motion. The Court has limited its review to the allegations in the Petition.

[2] Although this case was originally filed in state court, once removal is effectuated, the Court treats the action as if it originated here, and therefore, contrary to Plaintiff's contentions, the federal pleading standard applies. *See Smith v. Bayer Corp.*, 564 U.S. 299, 304 n. 2 (2011) ("[F]ederal procedural rules govern a case that has been removed to federal court.") (citation omitted); *Wallace v. Microsoft Corp.,* 596 F.3d 703, 706 (10th Cir. 2010) ("After the removal of an action from state court ... it has been settled by numerous cases that the removed case will be governed by the Federal Rules of Civil Procedure and all other provisions of federal law relating to procedural matters.") (citation omitted); *McKnight v. Linn Operating, Inc*., No. CIV-10-30-R, 2010 WL 9039794, at *1 (W.D. Okla. Apr. 1, 2010) (unpublished) ("Because the Federal Rules apply after removal, Rule 12(b)(6) and the attendant standards set by the Supreme Court apply. If, however, the Court concludes that Plaintiffs' allegations fail under the *Twombly* and *Iqbal* standard, it may order Plaintiffs to replead their claims if necessary.").

accepts as true the factual allegations in the petition and draws reasonable inferences in favor of plaintiff. *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.2008). The court is not obliged to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The petition must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Plausibility" refers to whether the facts alleged in the complaint are so general or so innocent that the plaintiffs "'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If, after drawing upon the court's "judicial experience and common sense," the court decides that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, [then] the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

The Petition presents a multitude of claims regarding Plaintiff's employment and termination from the Council on Firefighter Training. Plaintiff alleges she was employed by the Council from August 15, 2011 until April 29, 2015, when Defendant terminated her employment. She contends her termination was in retaliation for complaints she levied

against the then-executive director of the Council, Jon Hansen. She seeks to recover on claims arising under federal and state law with theories of age, sex, and racial discrimination, sexual harassment, and retaliation. She also seeks relief under 42 U.S.C. § 1983 against Defendants Kelly and Bower for alleged violation of her First Amendment and due process rights and asserts a claim under 42 U.S.C. § 1981, based on her status as an Asian American. Plaintiff also pleads state law claims of negligent hiring, training, and supervision, as well as whistleblower and public policy claims. Defendants seek dismissal of each of her claims.

Both Title VII, which governs Plaintiff's federal gender and race discrimination claims, and her claim under the Age Discrimination in Employment Act ("ADEA") apply only to "employers" as the term is defined by statute. The definition of "employer" under Title VII requires fifteen or more employees, 42 U.S.C. § 2000e(b), and the ADEA requires twenty or more. 29 U.S.C. § 630(b). Plaintiff did not plead that the Council has the required number of employees for either Title VII or the ADEA, and concedes in response to the Motion to Dismiss that standing alone the Council lacks the requisite number under either definition. She asserts, however, that the Council should be considered a State agency and/or part of the State Fire Marshal's office, and that when aggregated with the employees of either of those entities, the Council will meet the numerosity requirement for both Title VII and the ADEA. The Court finds the allegations in the Petition insufficient to state a claim under Title VII or the ADEA, because Plaintiff fails to allege that the Council is an "employer" for either statute. Furthermore, the Petition lacks any factual allegations from which the Court can infer that the Council is an agent of the State or State Fire Marshal or

that either of those entities could be considered an integrated enterprise with the Council. *See Avington v. Metro. Tulsa Urban League*, 603 Fed.Appx. 662, 663 (10th Cir. 2015)("In some circumstances, courts may treat separate entities as a joint or single employer for purposes of determining the threshold number of employees required for an employer to be subject to suit under Title VII or the ADEA")(citations omitted); *Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980)(sheriff should be considered an agent of the county and therefore an employer under Title VII despite the fact that the sheriff's office had fewer than fifteen employees). As such, the Court finds that Defendant is entitled to dismissal of each of Plaintiff's claims under Title VII and the ADEA, to include her claims of gender discrimination, race discrimination, retaliation, sexual harassment, and age discrimination.

Plaintiff did not file a formal motion to amend, but rather requested leave as part of her response to Defendant's motion. The Court hereby grants Plaintiff leave to amend with regard to her Title VII claims of race and gender discrimination, to include her claims of sexual harassment and retaliation.[3] The Court notes there are additional deficiencies in Plaintiff's pleading of both her race, gender and age discrimination claims, which apply both to her federal and her state claims.

Defendant seeks dismissal of Plaintiff's claims of "negligent hiring, training and supervision" as well as her claim of negligence. The allegations in both claims are nearly identical and relate to the alleged sexual harassment in the workplace. Plaintiff alleges that she formally complained about the sexual harassment by Jon Hansen. She also alleges that

---

[3] The Petition does not specifically identify that Plaintiff relies on Title VII for her sexual harassment claim and her retaliation claim. She may of course clarify the basis for her claims in her Amended Complaint.

Defendant Mike Bower, a member of the Council, told her "when a position for COFT came open, we thought John would be a good fit if he didn't chase skirt. Jon goes a lot of places and does a lot of things he should not be doing." Complaint ¶ 81. An employer may be held liable in Oklahoma for negligent hiring, supervision, or retention of an employee. *See Excue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir.2006) (applying Oklahoma law); *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla.1999). Liability attaches, "if—at the critical time of the tortious incident—the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought." *Presbyterian Church (U.S.A.)*, 998 P.2d at 600. The Court concludes that Plaintiff has sufficiently, albeit barely, alleged facts to state a plausible claim for failure to supervise with regard to sexual harassment. Although Plaintiff presents only two incidents in which she was allegedly the direct recipient of harassment, she alleges that she observed Mr. Hansen's inappropriate sexual behavior toward Alicia Hayward and that Alicia Hayward complained to Plaintiff about the harassment. Defendants' motion is denied with regard to Plaintiff's negligence claim.[4]

---

[4] Plaintiff's method of pleading makes it difficult to construe the exact nature of her claims. The Court limits its consideration of her negligence claims to the issue of sexual harassment, although the petition includes allegations of financial mismanagement and the fact that Ms. Hunter was approved to work for the Oklahoma State University Fire Safety Training Program, but then terminated for this work. With regard to alleged financial malfeasance, Plaintiff was not the victim of any "tort." To the extent, she is attempting to argue that her termination was the result of COFT's negligence, to apply this theory to Plaintiff's termination would permit Plaintiff to circumvent the limitations caused by the at-will employment doctrine. *See Steward v. Oklahoma ex rel. Oklahoma Office of Juvenile Affairs,* 2013 WL 6670291 (W.D.Okla. Dec. 18, 2013); *Delong v. Oklahoma ex re. Oklahoma Dept. of Mental Health*, 2015 WL 1955382 (W.D.Okla. April 29, 2015).

Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1983 claim, which is pled against Richard Kelly and Mike Bower.[5] She alleges the Defendants were "acting under color and authority of state law with the authority endowed upon them as members of the Board of Directors for the Council on Firefighter Training." Petition, ¶ 92. She alleges the individual Defendants violated her First Amendment rights and her rights under the due process clause. 42 U.S.C. § 1983 applies only to state actors. *See McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 20011) ("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law.") (internal quotation marks omitted). The Court notes that in paragraph 120 of the Petition, Plaintiff admits that the Oklahoma Merit Protection Commission concluded COFT is not a state agency and therefore she was not a state employee. Despite this finding, Plaintiff makes only conclusory allegations regarding Defendants Bower and Kelly and their status as state actors for purposes of § 1983 liability. She makes no attempt to plead facts to support her contention that either of the individual Defendants could be held liable under one of the tests enunciated by the Supreme Court for use in determining whether an otherwise private party is a state actor. *See Johnson v. Rodrigues (Orozco)*, 293 F.3d 1196, 1202-03 (10th Cir. 2002). Because Plaintiff has failed

---

[5] Plaintiff's use of the term "Defendants" throughout the petition makes it difficult to determine whom she seeks to hold liable for each of her claims. "[P]laintiffs under the *Twombly* standard must do more than generally use the collective term 'defendants'" they must "differentiate between the actions of each individual defendant and the actions of the group as a whole." *VanZandt v. Oklahoma Dept. of Human Services*, 276 F. App'x 843, 849 (10th Cir.2008). Plaintiff does not argue in response to the motion that COFT is a Defendant to her § 1983 claim, and accordingly, the Court construes this claim as addressed only to the individual Defendants.

to sufficiently allege that either individual Defendant was a state actor, they are entitled to dismissal of Plaintiff's § 1983 claim.

Furthermore, to the extent Plaintiff argues the individual Defendants deprived her of due process with regard to her termination she has failed to allege facts to support the existence of a property interest in continued employment. The only pleading with regard to Plaintiff's employment status is her allegation that she was an at-will employee. Although she immediately thereafter alleges she had a property interest in her job as a governmental employee, she makes no specific factual allegations in support of this contention. The Supreme Court defines a property interest in the employment context as "a legitimate expectation in continued employment." *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991) (*citing Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972)). "The existence of a property interest is 'defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.' " *Id.* (*quoting Roth*, 408 U.S. at 577). Under Oklahoma law, "public employees are employed at will unless they have specific contractual arrangements entitling them to continued employment." *Bunger v. Univ. of Oklahoma Bd. of Regents*, 95 F.3d 987, 990 (10th Cir. 1996). Plaintiff does not allege any facts from which the Court can infer that she had a contractual arrangement entitling her to continued employment. Accordingly, even if Plaintiff sufficiently alleged that Bower or Kelly acted under color of state law, she nevertheless fails to allege a due process claim. Accordingly, the Court hereby grants the motion to dismiss with regard to

Plaintiff's 42 U.S.C. § 1983 claims. Plaintiff, however, is granted leave to amend her petition in an effort to properly plead her claims.

Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1981 claims. Plaintiff contends she was "in a contractual relationship with defendants within the meaning of 42 U.S.C. § 1981, as amended" Petition, ¶ 107. She contends that Defendants violated her rights because of her race, and that she did not enjoy the same benefits, privileges, and terms and conditions of employment as white employees. Plaintiff, however, fails to offer any non-conclusory allegations to support her claim. Even construing the entirety of the petition, the allegations related to Plaintiff's race are that "Executive Director Jon Hansen did not subject all races to harassment or sexual harassment." and conclusory allegations that she did not enjoy the same benefits, privileges, terms and conditions of employment as have white employees. Petition, ¶ 5, ¶ 109-111. As such, Plaintiff's 42 U.S.C. § 1981 claim is hereby dismissed; Plaintiff is granted leave to amend.

Finally, Plaintiff alleges a variety of state law claims under two headings entitled "Whistleblower's Claim" and "Violation of Oklahoma Public Policy." Petition, pp. 16, 17. Plaintiff asserts in her whistleblower claim that because the Oklahoma Merit Protection Commission concluded COFT was not a state agency, her whistleblower claim is not under the Oklahoma Whistleblower Protection Act. Because Plaintiff does not rely on the Oklahoma Whistleblower Protect Act as a basis for her claim, the Court interprets that claim as one for violation of public policy under *Burk v. K–Mart Corp.*, 770 P.2d 24 (Okla. 1989).

> "Oklahoma law recognizes a public policy exception to the otherwise virtually unfettered ability of an employer to terminate an at-will employee." *Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1007 (10th Cir. 2006). A tort remedy is available "where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Burk*, 770 P.2d at 29. But this "unique tort" applies "to only a narrow class of cases and must be tightly circumscribed." *Clinton v. State ex rel. Logan Cty. Election Bd.*, 29 P.3d 543, 545 (Okla. 2001), *overruling on other grounds recognized by Shirazi v. Childtime Learning Ctr., Inc.*, 204 P.3d 75, 78 n.13 (Okla. 2009); see also Burk, 770 P.2d at 28–29.

*Walker v. Balco, Inc.,* 660 F. App'x 681, 684 (10th Cir. 2016). Plaintiff contends that her termination was in part the result of her reporting of fiscal mismanagement of Council money by the former Executive Director of COFT. Such allegations would be sufficient to allege a public policy discharge claim. Plaintiff, does not, however, in her whistleblower claim plead a public policy to support her claim. The public policy required to support a *Burk* tort must be articulated in "a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribe a norm of conduct for the state." *Darrow v. Integris Health, Inc.*, 176 P.2d 1204, 1212 (Okla. 2008). Accordingly, Plaintiff's whistleblower claim is hereby dismissed. As with her other claims, Plaintiff is hereby granted leave to amend.

Finally, in her claim for Violation of Oklahoma public policy, Plaintiff pleads that she was an at-will governmental employee and that COFT was her public employer. She alleges "[t]he actions of Defendants violate Oklahoma Public Policy and Oklahoma Statutory Law." Petition, ¶ 131. Thereafter she appears to attempt to plead a claim under the Oklahoma Anti-discrimination Act as well as public policy claims under Art. 2 § 22 of the Oklahoma Constitution and the First Amendment to the United States Constitution.

To the extent this final claim can be construed as asserting that Plaintiff was discharged by a state agency in violation of her rights under Article 2 § 22 of the Oklahoma Constitution because she reported financial malfeasance at COFT, Plaintiff's exclusive remedy would be the Oklahoma Whistleblower Act. Okla. Stat. tit. 74 § 804-2.5; *Rouse v. Grand River Dam Auth.*, 2014 OK 39, 326 P.3d 1139, 1140 (Okla. 2014)("the remedies and penalties provided by the Whistleblower Act are adequate to protect the public policy of encouraging employees to report wrongdoing, and therefore, a tort claim for discharge in violation of public policy is not available to a discharged whistleblower employee.")(citation omitted); *Poff v. State of Oklahoma ex rel. The Oklahoma Dept. Of Mental Health and Substance Abuse Servs.,* Case No. 14-1438-C, 2015 WL 1955377, *1 (W.D. Okla. April 29, 2015). Furthermore, the First Amendment cannot serve as the basis for Plaintiff's public policy discharge claim for this same reason and because Plaintiff, if she can establish that one or more Defendants is a state actor, can rely on § 1983.

To the extent Plaintiff is seeking to pursue claims under the Oklahoma Anti-discrimination Act, her pleading fails to give notice that she intends to pursue such relief. Furthermore, her allegations of race and age discrimination are insufficiently pled. Accepting as true Plaintiff's allegations, she fails to allege facts sufficient to support the inference that she was terminated because of her race or her age. The sole exception to this conclusion is with regard to Plaintiff's claim for gender discrimination premised on alleged sexual harassment. The Court concludes that the Petition, although barely, states a plausible hostile work environment claim under the OADA. Although Plaintiff presents only two incidents in which she was allegedly the direct recipient of harassment, she alleges that she

observed Mr. Hansen's inappropriate sexual behavior toward Alicia Hayward and that Alicia Hayward complained to Plaintiff about the harassment. Defendant contends Plaintiff cannot rely on incidents involving other female employees. However, the Tenth Circuit has held that "incidents involving employees other than the plaintiff are relevant in establishing a generally hostile work environment." *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1416 (10th Cir. 1987).[6] As such, the Court concludes that if Plaintiff is indeed seeking to rely on the OADA to support a claim for sexual harassment, that she has sufficiently pled facts in support of such a claim

For the reasons set forth herein, Defendants' Motion to Dismiss is GRANTED IN PART AND DENIED IN PART. The Court hereby GRANTS Plaintiff leave to file an amended complaint not later than February 28, 2017. The amended pleading should avoid reference to Defendants collectively and should make clear to the Defendants the nature and factual basis for each claim she seeks to pursue.

IT IS SO ORDERED this 8th day of February 2017.

.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[6] To the extent Plaintiff attempts to plead that she was the victim of gender discrimination because she was treated differently than male employees, she only makes vague insufficient allegations. Petition, ¶ 29 ("Ms. Hunter was treated differently than the male employees who had allegations of misconduct and sexual harassment made against them."). She then identifies her supervisor, Jon Hansen, as a person allegedly treated better, however, he is not a person who was similarly situated to Plaintiff by virtue of his role as Director of COFT rather than employee. "Similarly situated employees are those who deal with the same supervisor and are subject to the same standards governing performance evaluation and discipline." *Aramburu v. The Boeing Company*, 112 F.3d 1398, 1404 (10th Cir. 1997)(citation omitted).