# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RUTH HUNTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIV-16-880-R |
| | ) |
| COUNCIL ON FIREFIGHTER | ) |
| TRAINING, ex rel. STATE | ) |
| OF OKLAHOMA, OK STATE | ) |
| FIRE MARSHALL, MIKE BOWER, | ) |
| and RICHARD KELLY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Defendants Council On Firefighter Training ("COFT" or "the Council"), Mike Bower, and Richard Kelly have filed a Motion to Dismiss Plaintiff's Second Amended Complaint, seeking dismissal of her claims pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 27). Plaintiff responded in opposition to the Motion and Defendants filed a Reply brief in support of their position. Accordingly, the Motion is ripe for consideration. Having considered Plaintiff's Second Amended Complaint and the Defendants' challenges thereto, the Court finds as follows.

The standards governing a Rule 12(b)(6) motion are as follows. The Court accepts as true the factual allegations in the petition and draws reasonable inferences in favor of plaintiff. *Gann v. Cline*, 519 F.3d 1090, 1092 (10th Cir.2008). The court is not obliged to accept as true a legal conclusion couched as a factual allegation. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Plausibility" refers to whether the facts alleged in the complaint are so general or so innocent that the plaintiffs "'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir.2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). If, after drawing upon the Court's "judicial experience and common sense," it decides that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, [then] the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed.R.Civ.P. 8(a)(2)).

The Second Amended Complaint alleges that Plaintiff was terminated from her employment at the Council on April 29, 2015, as a result of discrimination on the basis of her gender, race, age, and in retaliation for her complaints about discrimination and sexual harassment, as well as her allegations of financial malfeasance by then Director of the Council, Jon Hansen. She seeks to recover on claims arising under federal and state law. Defendants seek dismissal of each of her claims.[1]

---

[1] Plaintiff added the Oklahoma State Fire Marshal as a Defendant in the Second Amended Complaint. The record does not reflect that she has served process on the Marshal.

Included in the Second Amended Complaint are claims of race and gender discrimination and a claim of sexual harassment, all of which arise under Title VII of the Civil Rights Act of 1964. Plaintiff also alleges discrimination on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"). Both Title VII and the ADEA apply only to "employers," defined, in part, by a threshold number of employees. Plaintiff concedes that the Council never had fifteen employees, as required for Title VII coverage, or the twenty-employee count required for ADEA coverage. She argues, however, that COFT can be considered part of the larger entity, the State of Oklahoma, or more specifically the Oklahoma State Fire Marshal's Office, which will increase the number of employees above the necessary threshold for either statute.

In *Owens v. Rush*, 636 F.2d 283 (10th Cir. 1980), the Tenth Circuit considered whether the Sheriff was an agent of the County and thus an employer for Title VII purposes. (b) The term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . . . 42 U.S.C. § 2000e(b).[2] The court concluded that the Sheriff was an agent of the county, elected to act on behalf of the County in enforcing the law. *Id.* at 286. The court concluded the Sheriff "is an agent of the County whether or not he would be considered an agent of the Board of County Commissioners under traditional agency principles." *Id.* "Whatever the reason for excluding employers with fewer than fifteen employees from Title VII coverage,

---

[2] An "employee" is "any individual employed by an employer." 42 U.S.C. § 2000e(f).

it should not be construed to exempt a political subdivision with many employees from Title VII proscription on the grounds that the immediate employing agent has fewer than fifteen employees." *Id.* More recently, the Tenth Circuit noted in *Cink v. Grant County, Oklahoma*, 635 Fed.Appx. 470 (10th Cir. 2015), "'Congress has directed federal courts to interpret [these statutes] based on agency principles,' and for that we must 'rely on the general common law of agency, rather than on the law of any particular State.'" *Id.* at 475-76 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 754, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) 754–55, 118 S.Ct. 2257 (internal quotation marks omitted) (characterizing "[t]he resulting federal rule[s]" as "statutory interpretation pursuant to congressional direction"). *See also Piper v. Junction City Housing Authority*, 1995 WL 88232 (D.Kan. Feb. 1, 1995).

Under a theory of common-law agency, the Court asks whether Plaintiff has alleged facts to support the conclusion that COFT had the actual or apparent authority to act on behalf of the State of Oklahoma and whether it was subject to the State's control. *See PHL Variable Ins Co. v. Sheldon Hathaway Family Ins. Trust ex rel. Hathaway*, 819 F.3d 1283, 1289 (10th Cir. 2016)(addressing common law agency). Plaintiff has sufficiently pled facts to support each of these elements. COFT was created by the Oklahoma legislature and according to an audit performed by the State the Council is primarily funded by monies allocated to the State Fire Marshal and passed to COFT. *See* Okla. Stat. tit. 74 § 325.1. The responsibilities of the Council are set by statute and the Council must provide an annual report or recommendation regarding fire and emergency training services to the Governor, Speaker of the House and President Pre Tempore of the Senate annually. *Id.* The Court

finds these facts sufficient to plead an agency relationship between the Council and the State for purposes of the Council meeting the numerosity requirements of Title VII and the ADEA.

Defendants further contend with regard to Plaintiff's age discrimination claim that she fails to sufficiently plead discrimination on the basis of age. The Court disagrees. Plaintiff alleges that she was 53 at the time of her termination, and thus a member of the protected class. She further alleges that despite performing her job well and receiving positive reviews, raises, and promotions, that she was terminated by Executive Director Hansen. She asserts that following her termination two younger women took over her job duties. Although the final element of an ADEA claim is often expressed as a younger person replacing the plaintiff, and plaintiff here does not allege that she was truly replaced but rather her job duties were transferred to younger employees, she alleges that at least one of these women had negative performance reviews.[3] The termination of a qualified employee in a protected class raises an inference of discrimination because it is illogical to fire otherwise qualified employees. *Perry v. Woodward*, 199 F.3d 1126, 1140 (10th Cir.1999). Accordingly, the Court finds Plaintiff has sufficiently pled a claim for discrimination under the ADEA.

Defendants also seek dismissal of Plaintiff's Title VII gender and race discrimination claims. A prima facie case of gender discrimination in a Title VII case generally requires a plaintiff to show "that she is a member of a protected class, she suffered

---

[3] Plaintiff notes that her claims are pled in the alternative, and thus the inherent factual inconsistencies in her pleading do not mandate dismissal of any particular claim.

an adverse employment action, and the challenged action occurred under circumstances giving rise to an inference of discrimination." *Bennett v. Windstream Commc'n, Inc.*, 792 F.3d 1261, 1266 (10th Cir. 2015) (citing *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)). "While the elements of a prima facie case 'are neither rigid nor mechanistic, their purpose is the establishment of an initial inference of unlawful discrimination warranting a presumption of liability in plaintiff's favor.'" *Bennett*, 792 F.3d at 1266 (citing *Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1146 (10th Cir. 2008)). Often this inference is the result of facts showing that the employer treated similarly situated persons differently, which is the path Plaintiff attempts to travel. Plaintiff alleges that Jon Hansen, Executive Director of COFT, was not terminated for having secondary employment and that he was not disciplined for sexually harassing behavior or alleged financial malfeasance. Tenth Circuit authority forecloses Plaintiff's reliance on her supervisor as a basis for finding that a similarly situated person was treated differently. *See Didier v. Abbott Laboratories*, 614 Fed.Appx. 366, 375 (10th Cir. 2015)(citing *Jones v. Denver Post Corp*, 203 F.3d 748, 752-53 (10th Cir. 2000)("Canino was one of Jones's supervisors and therefore cannot be deemed similarly situated in a disciplinary matter. . . ."). As such, and because this is the only factual allegation from which gender discrimination can be gleaned, the Court finds that Defendant COFT is entitled to dismissal of Plaintiff's Title VII gender discrimination claim.

Defendant also seeks dismissal of Plaintiff's claim for race discrimination in violation of Title VII. The Court finds Plaintiff sufficiently alleges a claim for racial discrimination, having set forth that she is Japanese American, was terminated, and that a

6

Caucasian employee with inadequate job performance, Shanna Miller, was not terminated for personal use of COFT equipment. The Court finds Plaintiff's allegations sufficient at the pleading stage to state a claim for racial discrimination. As such, the Court denies Defendants' motion to dismiss with regard to Plaintiff's racial discrimination claim.[4]

Defendant COFT contends Plaintiff has failed to state a claim for retaliation in violation of Title VII; the Court disagrees. 'To state a prima facie case of retaliation, [a plaintiff] must show that: (1) she engaged in a protected activity; (2) [the employer] took an action that a reasonable employee would have found materially adverse; and (3) there exists a causal connection between the protected activity and the adverse action.'" *Carney, v. City and County of Denver,* 534 F.3d 1269, 1276 (10th Cir. 2008)(quoting *Metzler v. Fed. Home Loan Bank*, 464 F.3d 1164, 1171 (10th Cir. 2006) (footnote omitted)). The first element of a retaliation claim is satisfied by showing the plaintiff "engaged in protected opposition to discrimination." *Kendrick*, 220 F.3d at 1234; *Roberts v. Roadway Exp., Inc.*, 149 F.3d 1098, 1103 (10th Cir. 1998). Protected conduct encompasses opposition based on a reasonable, good faith belief that the underlying conduct constituted discrimination. See

---

[4] Defendants also seek dismissal of Plaintiff's 42 U.S.C. § 1981 claim for racial discrimination and her claims under the OADA. The allegations in the Second Amended Complaint are insufficient to establish that either Defendant Kelly or Defendant Bower played a role in Plaintiff's termination. She repeatedly alleges that Defendant Hansen terminated her employment, which is consistent with the terms of her offer of employment specifying his ability to terminate her. The only allegations regarding Kelly and Bower are conclusory. With regard to COFT, however, 42 U.S.C. § 1981 tracks her racial discrimination claim, and therefore is not subject to dismissal. *Mormon v. Campbell Cty. Mem'l Hosp.*, 632 Fed.Appx. 927, 933 n.5 (10th Cir. 2015) (stating that "the elements of a plaintiff's case are the same, based on the disparate treatment elements outlined in *McDonnell Douglas*, whether that case is brought under §§ 1981 or 1983 or Title VII") (quoting *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991)). Similarly, Plaintiff's OADA claims, although not independently pled with factual detail, incorporate by reference the prior allegations, specifically those the Court found sufficient above to state claims of racial and age discrimination because those claims are coextensive. *See, e.g., Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015). Accordingly, the motion to dismiss is granted with regard to Plaintiff's OADA gender discrimination claim and denied with regard to her claims of race and age discrimination under the OADA.

*Crumpacker v. Kansas Dep't of Human Serv.*, 338 F.3d 1163, 1171 (10th Cir. 2003); *see also Love v. RE/MAX of America, Inc.*, 738 F.2d 383, 385 (10th Cir. 1984). Plaintiff alleges she filed an EEOC charge in April 2015 and that she made complaints in a letter to the Council members regarding Jon Hansen's allegedly harassing behavior toward co-worker Alicia Hayward. To qualify as protected conduct, "the employee must convey to the employer his or her concern that the employer has engaged in a practice made unlawful by [Title VII or § 1981]." *See Hinds v. Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1203 (10th Cir. 2008); *see Peterson v. Utah Dep't of Corr.*, 301 F.3d 1182, 1188 (10th Cir. 2002). Plaintiff alleges that she both complained about Executive Director Hansen's alleged sexual harassment and made Board members aware that she intended to file an EEOC charge. She alleges that Defendant Kelly offered that COFT would file a charge with the EEOC on her behalf even though it lacked the authority to do so.[5] Shortly thereafter, Plaintiff was terminated by Defendant Hansen. The Court finds these allegations sufficient to state a claim for retaliation in violation of Title VII for opposing sexual harassment.

Defendant COFT seeks dismissal of Plaintiff's sexual harassment claim. The Court finds Plaintiff has sufficiently alleged a claim for hostile work environment harassment. Harassment that does not result in a tangible employment action may be actionable if it is

---

[5] The Court notes that many of Plaintiff's complaints about Director Hansen involve alleged financial malfeasance and her belief that he was treating Alicia Hayward favorably because he was interested in or actually involved with Ms. Hayward during her tenure at the Council. Plaintiff repeats, in various places throughout the Second Amended Complaint, that she discovered through a public records search that co-worker Shana Miller had previously been charged with Obtaining Cash or Merchandise by Bogus Check/False Pretenses and made this information known to Jon Hansen. Plaintiff complains that despite Jon Hansen having this knowledge, he nevertheless allowed Ms. Miller to handle COFT funds. This allegation is wholly unrelated to sexual harassment. She alleges, however, that she witnessed unwanted sexual advances by Mr. Hansen toward Ms. Hayward. As concluded subsequently herein, the Court finds that Plaintiff has sufficiently alleged a claim for a hostile work environment premised in part on these allegations.

so "severe or pervasive" that it creates an abusive working environment. *See Morris v. City of Colo. Springs*, 666 F.3d 654, 663 (10th Cir. 2012). Plaintiff's specific allegations of sexual harassment are that on February 14, 2015, Mr. Hansen purchased gift cards for the female employees of COFT, chastised her for not thanking him properly, and blocked her from exiting the elevator, requiring that she ride up to the sixth floor before returning to the her work space on the second floor. She alleges that on one occasion Mr. Hansen slapped her bottom when she walked into a building. She further complains she was propositioned by Director Hansen during her tenure at the Council and subjected to sexual remarks and innuendo. Although Plaintiff could have detailed her allegations more thoroughly, the Court finds that Plaintiff has sufficiently alleged that Hansen's conduct created a hostile work environment. This is true in part because the allegations are not limited to statements or actions toward Plaintiff. Rather she makes allegations that Alicia Hayward, a co-worker, was subjected to unwanted sexual advances from Hansen. "Evidence of a general work atmosphere therefore— as well as evidence of specific hostility directed toward the plaintiff— is an important factor in evaluating the claims." *Hicks v. Gates Rubber Co.*, 833 F.2d 1406 (10th Cir. 1987). Defendants' Motion to Dismiss is denied with regard to Plaintiff's sexual harassment claim.

Defendant COFT seeks dismissal of Plaintiff's claim of "negligent hiring, training and supervision" as well as a separately pled claim of negligence. In addressing Plaintiff's initial attempt at pleading this case, the Court concluded Ms. Hunter had sufficiently stated a claim for Defendant's alleged negligence. The allegations in both claims are nearly identical and again relate to the alleged sexual harassment in the workplace. Plaintiff

alleges she formally complained about the sexual harassment by Jon Hansen. She also alleges that Defendant Mike Bower, a member of the Council, told her "when a position for COFT came open, we thought John would be a good fit if he didn't chase skirt. Jon goes a lot of places and does a lot of things he should not be doing." Second Amended Complaint ¶ 58. She further alleges Bower was aware of prior allegations of sexual harassment against Hansen but that he was hired by the Council nonetheless. *Id.*

An employer may be held liable in Oklahoma for negligent hiring, supervision, or retention of an employee. *See Excue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir.2006) (applying Oklahoma law); *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla.1999). Liability attaches, "if—at the critical time of the tortious incident—the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought." *Presbyterian Church (U.S.A.)*, 998 P.2d at 600. The Court concludes that Plaintiff has sufficiently, albeit barely, alleged facts to state a plausible claim for negligent hiring and failure to supervise with regard to sexual harassment. Although Plaintiff presents details regarding only two incidents in which she was allegedly the direct recipient of harassment, she alleges that she observed Mr. Hansen's inappropriate sexual behavior toward Alicia Hayward and that Alicia Hayward complained to Plaintiff about the harassment. She alleges that the Council members were aware of Mr. Hansen's propensity for sexual harassment prior to his selection as Executive Director, and further that they hired him nevertheless and failed to supervise him to ensure he did not engage in harassing behavior. Defendants' motion is denied with regard to Plaintiff's

negligent hiring and supervision claims, although the Court construes the two claims pled a single claim, limited to negligence with regard to sexual harassment.

Defendants seek dismissal of Plaintiff's 42 U.S.C. § 1983 claim, which is pled against Richard Kelly and Mike Bower. She alleges the Defendants were "acting under color and authority of state law with the authority endowed upon them as members of the Board of Directors for the Council on Firefighter Training." Petition, ¶ 92. She further asserts the individual Defendants violated her First Amendment rights and her rights under the due process clause.[6]

Without regard to whether Plaintiff has sufficiently pled that either Defendant was acting under color of state law for purposes of 42 U.S.C. § 1983, Plaintiff has failed to state a claim against either Defendant, in part because she does not allege that either was responsible for her termination. Plaintiff alleges she was terminated by Jon Hansen on April 29, 2015. Second Amended Complaint, ¶¶ 27, 69, 91, 127. Although she alleges that she complained to the individual Defendants regarding Jon Hansen's behavior, there are no non-conclusory allegations that either had a hand in her termination. Plaintiff merely alleges, "Kelly and Bower had input in their roles as agents of COFT in the decision to terminate Hunter." Second Amended Complaint ¶ 204. Given that her Offer of Employment specifies that she was subject to termination by the Executive Director and the absence of non-conclusory allegations, the Court finds that Plaintiff has failed to state a § 1983 claim against the individual defendants.

---

[6] Defendants' arguments do not challenge Plaintiff's First Amendment claims directly. Defendants misinterpret the Court's prior Order as holding that liability under the Whistleblower Act would preclude § 1983 liability for a First Amendment violation.

Furthermore, with regard to her claim under the Fourteenth Amendment's Due Process Clause, Plaintiff had a protected property interest in her COFT job only if she had a "legitimate claim of entitlement to" the job grounded in an "independent source such as state law." *Bd. of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). State law may take the form of "state statutes, local ordinances, established rules, or mutually explicit understandings." *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994) (quotation omitted). Plaintiff concedes in her Second Amended Complaint that she was not considered a "state employee," citing to her offer of employment. The offer stated that "[i]t is understood that I am not a State employee and that I will be an at-will employee, which means the Director of the Council on Firefighter Training can terminate employment at any time for any reason." Doc. No. 21-4. Plaintiff has failed to plead facts to indicate that she had a reasonable expectation of continued employment given her allegations and the documents she attached to her Second Amended Complaint. As such, the Court concludes Plaintiff does not allege any facts from which the Court can infer that she had a property right in her continued employment that was protected by the due process clause.

Plaintiff's final claims are entitled "Whistleblower's Claim/Public Policy" and "Violation of Oklahoma Public Policy." Plaintiff does not clearly identify which Defendants she seeks to hold liable under either theory nor is the distinction between the two claims readily apparent. To the extent Plaintiff is attempting to pursue a public policy discharge claim claims pursuant to *Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989), against either individual Defendant, such claims fail as a matter of law. There is no authority for

assessing liability under *Burk* against an individual supervisor or co-worker, which the undersigned concludes would include Bower and Kelly. *See Ford v. Chickasaw Regional Library* System, 2017 WL 384698, *3 (W.D.Okla. Jan. 26, 2017)(citing *Eapen v. McMillan*, 196 P3d 995, 998 (Ok.Civ.App. 2008)). As such, the Court finds Bower and Kelly are entitled to dismissal of Plaintiff's public policy claims.

Because the Oklahoma Merit Protection Commission concluded COFT was not a state agency and Plaintiff not a state employee, she was not entitled to protection under the Oklahoma Whistleblower Protection Act.[7] Accordingly, the Court interprets her whistleblower claim as a *Burk* tort against COFT.

> "Oklahoma law recognizes a public policy exception to the otherwise virtually unfettered ability of an employer to terminate an at-will employee." *Bastible v. Weyerhaeuser Co.*, 437 F.3d 999, 1007 (10th Cir. 2006). A tort remedy is available "where an employee is discharged for refusing to act in violation of an established and well-defined public policy or for performing an act consistent with a clear and compelling public policy." *Burk*, 770 P.2d at 29. But this "unique tort" applies "to only a narrow class of cases and must be tightly circumscribed." *Clinton v. State ex rel. Logan Cty. Election Bd.*, 29 P.3d 543, 545 (Okla. 2001), *overruling on other grounds recognized by Shirazi v. Childtime Learning Ctr., Inc.*, 204 P.3d 75, 78 n.13 (Okla. 2009); see also Burk, 770 P.2d at 28–29.

*Walker v. Balco, Inc.,* 660 F. App'x 681, 684 (10th Cir. 2016). The public policy to support a *Burk* tort must be articulated in "a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribe a norm of conduct for the state." *Darrow v. Integris Health, Inc.*, 176 P.2d 1204, 1212 (Okla. 2008).

---

[7] The Court's prior conclusion that Plaintiff pled sufficient facts to allege that COFT is an agent of the state under traditional notions of agency law does not dictate the outcome of this claim. Rather, the Merit Protection Commission is given jurisdiction to determine whether Plaintiff was a state employee and COFT is a state agency under Oklahoma law, entitling Plaintiff to protection under the Oklahoma Whistleblower Act. An entity can be an agent for some purposes and not others.

Plaintiff contends that her termination was in part the result of her reporting of fiscal mismanagement of Council money by the Executive Director of COFT, Jon Hansen.

To state a *Burk* claim, a plaintiff must allege (1) discharge (2) of an at-will employee (3) for a reason that violates an Oklahoma public policy goal (4) found in Oklahoma's constitutional, statutory, or decisional law or in a federal constitutional provision and (5) no adequate statutory remedy to protect the Oklahoma policy goal. *Vasek v. Bd. of Cty. Comm'rs*, 2008 OK 35, ¶ 14, 186 P.3d 928, 932 (Okla. 2008) (emphasis added).

> The fundamental problem in all public policy cases is defining what is a specific, well-established, clear and compelling public policy. In whistle-blower cases, the answer to this question determines the subjects about which a whistle-blower may or may not legitimately complain. The nature of this problem was aptly described by the Connecticut Supreme Court when it said "[t]he issue then becomes the familiar common law problem of deciding where and how to draw the line between claims that genuinely involve the mandates of public policy that are actionable and ordinary disputes between employee and employer that are not." *Sheets v. Teddy's Frosted Foods*, 179 Conn. 471, 427 A.2d 385, 387–88 (1980).

*Barker v. State Ins. Fund*, 2001 OK 94, ¶ 17, 40 P.3d 463, 468–69, as corrected (Nov. 7, 2001). The Court finds that Plaintiff has sufficiently stated a *Burk* claim with regard to her allegations that she brought Jon Hansen's fiscal wrongdoings to his attention and to the attention of the Board and was shortly thereafter terminated. Although the Merit Protection Commission concluded Plaintiff was not entitled to the protection of the Whistleblower Act, the Court declines to conclude as a matter of law that she not entitled to the protection of Article 2, § 22 of the State Constitution, which protects her right to free speech. Furthermore, the issues Plaintiff raised were issues of public concern, the proper use of state funds. As noted above, COFT was funded with money from the Oklahoma State Fire

Marshal, funds appropriated to the Marshal from the State. Plaintiff's allegation that she complained about Mr. Hansen's misuse of these public funds for private purposes falls within the confines of *Vannerson v. Board of Regents of the University of Oklahoma,* 784 P.2d 1053 (Okla. 1989). *Id.* at 1055 (if plaintiff "was in fact discharged for going over his supervisor's head in complaint of illegal disposition of state property then public policy is invoked"). Furthermore, the Merit Protection Commission's conclusion that Plaintiff was not a state employee precludes a statutory remedy under the Whistleblower Act. As such, there is no adequate state remedy. Although Plaintiff attempted to plead two separate public policy claims, the Court construes her allegations as stating but a single claim. The allegations in her final cause of action appear to echo her claims under Title VII and the OADA and acknowledge the existence of a statutory claim under the OADA. As such, Plaintiff has no public policy claim premised on these same allegations.

For the reasons set forth herein, the motion to dismiss by Defendant COFT is DENIED with regard to Plaintiff's claim for age discrimination under the ADEA, her claims of race discrimination and retaliation under Title VII, her hostile work environment claim, her 42 U.S.C. § 1981 claim and her OADA claims that track the aforementioned federal claims. The motion is further denied with regard to Plaintiff's negligence claim against Defendant COFT and her public policy discharge claim as it relates to her contention that she was terminated for bringing Jon Hansen's fiscal malfeasance to light. The motion is GRANTED with regard to her gender discrimination claim under Title VII and the OADA; and Defendants Bower and Kelly are entitled to dismissal of Plaintiff's 42 U.S.C. § 1981 and 1983 and *Burk* claims. Such claims are dismissed with prejudice.

**IT IS SO ORDERED** this 20th day of June 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE